**No. 52512.**—G. R. Frix *v.* United States, protests 132856–K and 132857–K (Seattle).

Opinion by EKWALL, J. It having been held repeatedly that the Customs Court sitting in classification has no jurisdiction to entertain a question of the value of imported merchandise, but that such an issue should be raised by appeal to reappraisement under section 501, Tariff Act of 1930, as amended, the motion to dismiss was granted.

**No. 52513.**—Silverite Company *v.* United States, protest 137146–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of cereal or baby dishes similar in all material respects to those the subject of *Thorens, Inc.* v. *United States* (19 Cust. Ct. 67, C. D. 1069), the claim of the plaintiff was sustained.

AUGUST 18, 1948

**No. 52514.**—The Von Hamm Young Co., Ltd., dba Hotel Import Co. *v.* United States, protest 132182–K. Plaintiff's application for rehearing granted.

**No. 52515.**—Park & Tilford Import Corp. *v.* United States, protest 133825–K.—
Plaintiff's application for rehearing granted.

BEFORE THE FIRST DIVISION, AUGUST 25, 1948

**No. 52516.**—Hoffmann-La Roche, Inc. *v.* United States, protest 130524–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52517.**—George A. Breon & Company *v.* United States, protests 134893–K, etc. (St. Louis).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52518.**—James E. Markham, Alien Property Custodian v. United States, protests 797378–G, etc. (Boston and Honolulu).

Opinion by COLE, J. The protests were dismissed.

**No. 52519.**—James E. Markham, Alien Property Custodian v. United States, protests 894358–G, etc. (Los Angeles, San Francisco, and Seattle).

Opinion by COLE, J. The protests were dismissed.

**No. 52520.**—James E. Markham, Alien Property Custodian v. United States, protests 848793–G, etc. (Los Angeles and San Francisco).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52521.**—James E. Markham, Alien Property Custodian v. United States, protests 8657–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, AUGUST 25, 1948

**No. 52522.**—Matson Navigation Company v. United States, protests 969803–G, etc. (San Francisco).

Opinion by JOHNSON, J. At the trial it was stipulated that certain items contained in compilation sheets, received in evidence as collective exhibit 1, were entered as ships' stores upon vessels of the plaintiff company. Following the case of *Matson Navigation Co.* v. *United States* (5 Cust. Ct. 98, C. D. 377), it was held that the bottles in question are entitled to exemption from duty as ships' supplies. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, SEPTEMBER 1, 1948

**No. 52523.**—The Sunrise Co. v. United States, protest 136589–K (New York).